20-2954-ag
Lopez-Cabrera v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-one.

PRESENT:
      REENA RAGGI,
      GERARD E. LYNCH,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

GONZALO LOPEZ-CABRERA,
     *Petitioner*,

     v.                                  20-2954-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:        Stephen K. Tills, Esq., Orchard Park, NY

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General, Claire L. Workman, Senior Litigation Counsel, Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gonzalo Lopez-Cabrera, a citizen of Mexico, asks us to review an August 5, 2020 decision of the BIA affirming a September 5, 2018 decision of an Immigration Judge (IJ), which denied his motions to terminate or continue his proceedings and ordered his removal. In re Lopez-Cabrera, No. A 206 864 611 (B.I.A. Aug. 5, 2020), aff'g No. A 206 864 611 (Immig. Ct. Buffalo Sept. 5, 2018). In this petition, Lopez-Cabrera challenges both the agency's denial of his motion to terminate and its refusal to grant a continuance of his proceedings. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

I.

Lopez-Cabrera principally contends that the agency erred in denying his

2

request for termination of proceedings in light of Pereira v. Sessions, 138 S. Ct. 2105 (2018). In Pereira, the Supreme Court held that the Immigration and Nationality Act unambiguously requires that a notice to appear (NTA) include a hearing time and place in order to trigger the "stop-time rule." Id. at 2113–20. "Under that rule, any period of . . . continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a)" of the Act. Id. at 2110 (omissions in original) (quotation marks omitted). The rule thus cuts off a noncitizen's accrual of physical presence or residence for the purpose of qualifying for cancellation of removal. See 8 U.S.C. §§ 1229b(a), (b), (d)(1).

Contrary to Lopez-Cabrera's argument, Pereira addressed only a narrow question regarding the stop-time rule and did not purport to "void jurisdiction in cases in which an NTA omits a hearing time or place." Banegas Gomez v. Barr, 922 F.3d 101, 110 (2d Cir. 2019) (emphasis in original). It is true that one component of an NTA is the time and place of removal proceedings. See 8 U.S.C. § 1229(a)(1)(G)(i). But as we explained in Banegas Gomez, the regulation vesting the IJ with jurisdiction over an underlying immigration proceeding, 8 C.F.R. § 1003.14, does not itself require that an NTA specify the time and date of the initial

3

hearing, "at least so long as a notice of hearing specifying this information is later sent to the alien." Banegas Gomez, 922 F.3d at 112.

In this case, Lopez-Cabrera's NTA did not provide a date or time, but it is undisputed that he received subsequent hearing notices with the date and time information and appeared at his hearings. The Supreme Court's more recent decision in Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), does not support Lopez-Cabrera's argument that the date and time information must be contained in the same document in order for jurisdiction to attach. As we recently explained in Chery v. Garland, No. 18-1036, 2021 WL 4805217 (2d Cir. Oct. 15, 2021), Niz-Chavez, like Pereira before it, addressed only "the stop-time rule in 8 U.S.C. § 1229b(d)(1) and . . . not . . . the effect of a defective NTA on an IJ's jurisdiction." Chery, 2021 WL 4805217, at *5; see also Niz-Chavez, 141 S. Ct. at 1480–86; Banegas Gomez, 922 F.3d at 111. Our decision in Chery thus squarely rejected the argument based on Niz-Chavez that Lopez-Cabrera advances here.

## II.

We also reject Lopez-Cabrera's argument that the agency abused its discretion when it denied his request for a second continuance to permit him to consider applying for relief from removal. See Morgan v. Gonzales, 445 F.3d 549,

551–52 (2d Cir. 2006). Lopez-Cabrera had previously received a continuance that postponed the proceedings for almost a year. After the proceedings were set to resume, Lopez-Cabrera asked the IJ for "one final continuance" to "consider an application for asylum." Certified Administrative Record ("CAR") at 72, 75. In support of that request and to explain a possible asylum application, Lopez-Cabrera cited his fear of returning to Mexico because of the "economic situation" and crime. But neither economic hardship nor generalized violence can form the basis for a successful asylum claim. See 8 U.S.C. 1158(b)(1)(B)(i); Melgar de Torres v. Reno, 191 F.3d 307, 314 (2d Cir. 1999). And Lopez-Cabrera was unable to point to any other non-speculative basis for a possible asylum application or to any evidence that he might obtain to support such an application. We therefore agree with the agency that Lopez-Cabrera failed to show any "good cause" that might have justified a further continuance. 8 C.F.R. § 1003.29; see Sanusi v. Gonzales, 445 F.3d 193, 199–200 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are also DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5